In the Matter of MORRIS A. HALPERN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 30, 1942.

*S. C. Lewis* of counsel (*Einar Chrystie,* attorney), for petitioner.

Respondent in person.

*Per Curiam.* The respondent was retained by Mrs. Helen Teichman to prosecute an action against three defendants to recover damages for personal injuries sustained by her. Two charges of professional misconduct are based upon the manner in which he conducted that litigation. The first is that he grossly neglected the case as a result of which the action was *dismissed* and a judgment for costs in favor of the three defendants, totaling $141.05, was entered against his client and that the respondent thereafter failed to move to set aside the default despite his promise to do so. The second is that, without authority from his client, the respondent improperly entered into a stipulation with the attorneys for one of the defendants, providing that " any and all injuries the plaintiff sustained on December 28, 1936, had been completely healed and  *  *  * there was no evidence of the injuries."

The referee has found that the first charge has been fully sustained. The respondent conceded his negligence in failing to open the default but urges that he should be absolved from blame for the original default because he relied upon the promise of a clerk for an attorney for one of the defendants to answer the calendar and to mark the case " Ready " for the plaintiff. He was unable to recall the name of the clerk but stated that he was the man to whom he had delivered the stipulation which is the subject of the second charge against the respondent.

The negligence of the respondent in permitting a default to be entered against his client was aggravated by his failure to move to open the default and to set aside the judgment for costs and restore the case to the calendar for trial after the default had been called to his attention and after he had promised to do so.

In his report the official referee has stated: " Nothing, however, was done by the respondent so far as can be ascertained, toward the reopening of the case, and the judgment for costs still stands."

In his brief submitted to the referee, the respondent stated: " One thing the respondent does not deny and has frankly admitted at all time. The failure to open the default in time

lies squarely at his door and by reason thereof plaintiff is entitled to such damages she has suffered and respondent stands ready to make good such damage as may be set by any court or other judicial body having jurisdiction or by arbitration voluntarily arranged for.''

This expression of cooperation made three years after he had neglected his client's interests and permitted her cause of action to be dismissed and during which period he failed to move to open the default and restore the case to the calendar is not sufficient to excuse his gross neglect.

This is the third disciplinary proceeding instituted against the respondent. Although he has admitted his negligence, his attitude is best evidenced by the following quotation from the brief submitted by him on this motion. He states: " Respondent does not intend to present herein any legalistic arguments or exact precedents, but intends rather to try to delineate the proper perspective and the human values involved.

" No person actively engaged in any human endeavor, be it profession, vocation or business, can hope to be equally proficient and efficient in all things. Nor can it be expected that all persons with whom he comes in contact shall be thoroughly satisfied with his conduct. Where scores may acclaim, at least one must arise to condemn. It becomes therefore a matter of perspective, as to whether the condemnation of the one, shall be permitted to outweigh the plaudits of the many.

" Certainly in no other profession or enterprise would such a condition arise, and to permit it in the profession of law, would appear to advance the theory that lawyers cannot take care of themselves, and require extraordinary policing.

" Respondent objects to such interpretations, and respectfully submits that the complainant has ample remedies for any damages she may feel she has suffered, by reason of the negligence, if any, on the part of respondent, and that punitive disciplinary measures as a result of this proceeding would result in a distortion of the true perspective, and the human values involved.''

It is not a proper answer in a disciplinary proceeding setting forth a charge of gross neglect by an attorney of his client's interests, which charge is admitted, for the attorney in effect to say that if the client is not satisfied with his conduct her remedy is to sue for damages.

The second charge, relating to the giving of the stipulation above referred to, is dismissed. The referee has found that the charge was not sustained and that the stipulation was given in

good faith and based upon information which the respondent considered accurate. His client has suffered no particular damage because the stipulation, if given without her authority, may not be binding upon her on a trial of the action.

The respondent should be suspended for six months with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Respondent suspended for six months.